IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LAWRENCE E. WILSON,**

       **Plaintiff,**

  vs.                                   Civil Action 2:08-CV-552
                                                  Magistrate Judge King

**LEON HILL,**

       **Defendant.**

## OPINION AND ORDER

This is an action instituted under the provisions of 42 U.S.C. §1983 in which plaintiff, an inmate at the Pickaway Correctional Institution ["PCI"], alleges that defendant, Leon Hill, a Captain at PCI, used excessive force against plaintiff. The complaint seeks monetary damages against defendant in both his individual and official capacities. With the consent of the parties, *see* 28 U.S.C. §636(c), this matter is now before the Court on defendant's motion to quash a subpoena issued by plaintiff, Doc. No. 30 ["*Defendant's Motion to Quash*"], plaintiff's motion for an order compelling disclosure and production of documents, Doc. No. 31 ["*Plaintiff's Motion to Compel*"], and *Defendant's Motion for Summary Judgment*, Doc. No. 35.

The verified complaint alleges that, on January 3, 2008, defendant Hill "used excessive physical force, without need or provocation, and not applied in a good faith effort to maintain or restore discipline," *Complaint,* p.3, Doc. No. 3. The complaint alleges that, as a result, plaintiff has lost two teeth, has been diagnosed with bilateral carpal tunnel syndrome and "concussive or head trauma injury is suspected." *Id.,* p.4.

***Defendant's Motion to Quash*** and ***Plaintiff's Motion to Compel***.

Plaintiff propounded ten interrogatories to the defendant. He also issued a subpoena to the warden of PCI seeking production of "[a]ll records and reports of each instance of use of force, alleged, actual or attempted, involving Leon Hill while employed by Ohio Department of Rehabilitation and Correction." Defendant has filed an objection to the subpoena or, alternatively, a motion to quash, Doc. No. 30, and plaintiff has filed a motion to compel relating to both the interrogatories and the subpoena, Doc. No. 31.

**A. Interrogatories.**

It appears that defendant's responses to plaintiff's interrogatories were not signed by defendant. *See Defendant's Responses to Plaintiff's Requests for Interrogatories from Defendant,* attached to *Plaintiff's Motion to Compel.* Answers to interrogatories must be signed by the "person who makes the answers." F.R. Civ. P. 33(b)(5). Defendant is **ORDERED** to served signed answers within ten (10) days of the date of this *Order.*

Plaintiff also contends that defendant's answers to almost all the interrogatories are substantively deficient.

Interrogatories 1 and 2:

Interrogatories 1 and 2 address defendant's employment with the Ohio Department of Rehabilitation and Correction ["ODRC"], and specifically inquire about "promotions, citations, awards or commendations" received during the course of his employment. *Defendant's Responses*, p.1. Defendant did not respond to certain aspects of the interrogatories, *e.g.,* the name of each ODRC institution to which he has

2

been assigned. However, defendant did specify the tenure of his employment with ODRC. The remaining details sought by these interrogatories is not particularly relevant to the resolution of the plaintiff's claims; the Court will therefore not require further response by defendant. However, defendant will be precluded from using, in his own defense, any information sought by plaintiff and not provided by defendant.

Interrogatories 3, 4 and 9:

Interrogatory 3 addresses all "disciplinary records, including date, place and nature of any infractions and dispositions thereof while employed by any facility with the ODRC." *Defendant's Responses*, p.2. Interrogatory 4 addresses "any training to use force to control inmates; response to resistance; or the exertion or application of physical compulsion or restraint" and asks for a description of all such training. *Id.* Interrogatory 9 asks for the description and location of "all information obtained by camera which shows or relates to this use of force incident." *Id.,* p.3. In response, defendant asserted an objection based on "security concerns." *Id.* However, defendant also indicated, in response to Interrogatory No. 3, that he "has never been disciplined," *id.,* p.2, and in response to Interrogatory No. 4 that he undergoes "annual training on use of force." *Id*.

It appears that defendant has provided substantive response to Interrogatories 3 and 4. Defendant need not respond further to those interrogatories.

With respect to Interrogatory No. 9, defendant is **DIRECTED** to indicate whether there exists any visual recording depicting the events alleged by plaintiff. The Court will defer decision on whether or not

3

such evidence, if it exists, must be produced to the plaintiff.

Interrogatories 5, 8:

Interrogatory 5 addresses uses of force, whether "alleged, actual or attempted, substantiated or unsubstantiated" by defendant in his capacity as an employee at ODRC. *Id.,* p.2. Interrogatory 8 asks the name of "each individual likely to have discoverable information, along with the subject of that information," that defendant intends to use to support his defenses. *Id.*, p.3. Defendant offered no substantive response to these interrogatories but instead objected on the basis of overbreadth, burden and irrelevance. *Id*.

This Court agrees that information relating to past uses of force by defendant if any, is unrelated to the claim asserted in this action; whether or not defendant participated in a use of force prior to the alleged events at issue in this action is simply irrelevant to plaintiff's claim that, on January 3, 2008, defendant applied excessive force against plaintiff.

Plaintiff contends that, because he has sued defendant in his official capacity and has alleged in the complaint a "policy or custom of supervisory acquiescence serious enough to infer deliberate indifference to the unconstitutional practices," *Complaint,* p.3, the information sought is relevant to plaintiff's claim against the State of Ohio. However, a plaintiff seeking to recover monetary damages -- the only form of relief sought in this case -- against a state official sued in his official capacity "must look to the government entity itself["]. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Because, under those circumstances, the state "is the real substantial party in interest" with regard to that claim, the state is "entitled to invoke its sovereign

4

immunity from suit even though individual officials are nominal defendants." *Ford Motor Co. v. Dept. of Treasury*, 323 U.S. 459, 464 (1945). In short, plaintiff's claim for monetary damages against defendant in his official capacity is, in actuality, a claim against the state and is barred by the Eleventh Amendment to the United States Constitution. Thus, it is only plaintiff's claim for monetary damages against defendant in his individual capacity over which this Court has subject matter jurisdiction. Because plaintiff's requested discovery relating to any past uses of force on the part of the defendant is not relevant to such claim, it cannot be said that this request is reasonably calculated to lead to the discovery of admissible evidence. *See* F.R. Civ. P. 26(b)(1). Defendant need not answer Interrogatory 5.

Defendant also declined to respond to Interrogatory 8 on the basis of over breadth. However, that interrogatory seeks identification of individuals likely to have discoverable information, along with the subject of that information, that defendant intends to use to support his defenses. This is an entirely proper request. *See* F.R. Civ. P. 26(a)(i). Defendant must therefore make substantive response to Interrogatory 8.

Interrogatory No. 6:

Interrogatory 6 seeks the identification of all statements made by defendant in connection with the claims asserted in this case. *See Defendant's Responses*, p.2. Defendant initially objected on the basis that the "attorney/client privilege may apply," *id.,* but went on to state, "there is no information responsive to this Interrogatory." *Id*. Defendant has therefore made substantive response to Interrogatory 6 notwithstanding his suggestion that the attorney client privilege might

5

apply.[1]

   **B. Plaintiff's Subpoena.**

Plaintiff issued a subpoena to the warden of PCI asking for production of documents relating to any prior use of force on the part of defendant. Because, for the reasons stated *supra*, the Court concludes that such information is not relevant to the claim presented in this action, defendant's objection to the subpoena and motion to quash the subpoena is meritorious. Plaintiff's motion to compel production of documents requested by that subpoena is without merit.

**Defendant's Motion for Summary Judgment**.

Defendant has moved for summary judgment, arguing that "there is no evidence that" any force was used against plaintiff in January 2008 by the defendant. *Defendant's Motion for Summary Judgment,* p.2. Alternatively, defendant argues that, because "plaintiff will be unable to establish [that] he suffered an injury as a result of the alleged incident," *id.*, defendant is entitled to summary judgment.

The standard for summary judgment is well established. This standard is found in Rule 56 of the Federal Rules of Civil Procedure, which provides in pertinent part:

> The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). Pursuant to Rule 56(c), summary judgment is

---

[1] Although not addressed by either party, it would appear that the conduct report issued by defendant on January 7, 2008, *see Exhibit* attached to *Complaint*, may in fact be a document responsive to this interrogatory.

appropriate if "there is no genuine issue as to any material fact ...." *Id.* In making this determination, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144 (1970). Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986). However, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson,* 477 U.S. at 251.

The party moving for summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Catrett,* 477 U.S. at 323. Once the moving party has met its initial burden, the burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)); *Talley v. Bravo Pitino Restaurant, Ltd.,* 61 F.3d 1241, 1245 (6th Cir. 1995)("nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial"). "Once the burden of production has so shifted, the party opposing summary judgment cannot rest on the pleadings or merely reassert the previous allegations. It is not sufficient to 'simply show that there is some metaphysical doubt as to

the material facts.'" *Glover v. Speedway Super Am. LLC,* 284 F.Supp.2d 858, 862 (S.D. Ohio 2003)(citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Instead, the non-moving party "must -- by affidavits or as otherwise provided in this rule -- set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

In ruling on a motion for summary judgment "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Glover,* 284 F.Supp. 2d at 862 (citing *InteRoyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989)). Instead, a "court is entitled to rely, in determining whether a genuine issue of material fact exists on a particular issue, only upon those portions of the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties." *Id.*

An inmate's claim of excessive force is properly raised under the Eighth Amendment's cruel and unusual punishment clause. *Pelfrey v. Chambers*, 43 F.3d 1034, 1036-37 (6th Cir. 1995). Analysis of such claims requires a determination "whether force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002). Although prison security and discipline may require the use of force, the Eighth Amendment is violated "if the offending conduct reflects an unnecessary and wanton infliction of pain." *Id*. Factors to be considered in determining whether the use of force was wanton and unnecessary include the extent of injury suffered by an inmate, the need for the application of force,

the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials and any efforts made to temper the severity of forceful response. *Combs*, 315 F.3d at 556-57 (citing *Hudson*, 503 U.S. at 7).

> Because prison officials "must make their decision in haste, under pressure, and frequently without the luxury of a second chance" we must grant them "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."

*Id.* (quoting *Hudson*, 503 U.S. at 6.) A court's retrospective analysis "must be carefully circumscribed to take into account the nature of the prison setting in which the conduct occurs and to prevent a prison official's conduct from being subjected to unreasonable *post hoc* judicial second-guessing." *Parrish v. Johnson*, 800 F.2d 600, 605 (6th Cir. 1986)(citing *Whitley v. Albers*, 475 U.S. 312, 322 (1986)).

In support of his motion for summary judgment, defendant declares that, on January 3, 2008, plaintiff was out of place during the 4:00 p.m. count. *Declaration of Captain Leon Hill*, ¶¶3-4. Defendant patted plaintiff down, *id.*, ¶5, but plaintiff was argumentative, *id.*, ¶6. Defendant issued a conduct report charging plaintiff with "disrespect to a Staff Member" and "Being Out Of Place." *Id.*, ¶8. Defendant handcuffed plaintiff and escorted him to the officer's station. *Id.*, ¶7.

Although defendant argues that no use of force occurred, the record contains evidence to the contrary. Plaintiff's complaint, in which he alleges excessive force, is verified and is therefore of evidentiary value. Moreover, plaintiff's deposition recounts facts that, if true, could be properly characterized as constituting excessive force. *Deposition of Lawrence E. Wilson*, pp. 21-25, Doc. No. 44. Attached to

9

*Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment,* is plaintiff's affidavit in which he again recounts facts that could be properly characterized as constituting excessive force. *Affidavit of Plaintiff Lawrence E. Wilson,* ¶2, attached to *Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment*, Doc. No. 39. The record therefore reflects a genuine issue as to this material fact.

Citing 42 U.S.C. §1997e,[2] defendant also contends that he is entitled to summary judgment because there is no credible evidence that plaintiff suffered the physical injuries alleged by him. A claim of excessive force in violation of the Eighth Amendment requires a showing of more than a *de minimis* injury. *See Jennings v. Mitchell,* 93 Fed. Appx. 723, 2004 WL 504352, **1 (6th Cir. March 12, 2004). However, plaintiff does not seek merely recovery of mental or emotional injury in this action. Rather, plaintiff asserts under oath that he was subjected to excessive force in violation of his constitutional rights, as a consequence of which he suffered actual physical injury. The record, which is controverted in this regard, is therefore sufficient to survive defendant's motion for summary judgment. Whether or not plaintiff can establish credible evidence in support of his claim remains for resolution.

Accordingly, *Defendant's Motion to Quash the Subpeona*, Doc. No. 30, is **GRANTED.** *Plaintiff's Motion to Compel*, Doc. No. 31, is **GRANTED in part** and **DENIED in part.** Defendant shall provide, consistent

---

[2] "(e) Limitation on Recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

with the foregoing, responses to interrogatories, personally signed by him, within ten (10) days of the date of this Order. *Defendant's Motion for Summary Judgment*, Doc. No. 35, is **DENIED.**

A final pretrial conference in this action shall be scheduled forthwith. If plaintiff wishes to renew his motion for the appointment of counsel, *see* Doc. No. 13, he shall do so promptly.


February 22, 2010                          *s/Norah McCann King*
                                            Norah M<sup>c</sup>Cann King
                                         United States Magistrate Judge