**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**LAWRENCE E. WILSON,**

    **Plaintiff,**

    **v.**                                       **Case No. 2:08-CV-552
MAGISTRATE JUDGE KING**

**LEON HILL,**

    **Defendant.**

**OPINION AND ORDER**

This matter is before the Court, with consent of the parties pursuant to 28 U.S.C. § 636(c), for consideration of the Plaintiff's *Motion for Leave to File* an *Amended Complaint*. Doc. No. 83. For the reasons that follow, the motion is denied.

**I.**

Plaintiff Lawrence E. Wilson ["Plaintiff"], an inmate at the Pickaway Correctional Institution ["PCI"], brings this action pursuant to 42 U.S.C. § 1983 against Defendant Leon Hill, a Captain at PCI. Plaintiff claims that Defendant used excessive force against him in violation of the Eighth Amendment to the United States Constitution. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343.

In his verified *Complaint*, Doc. No. 3, Plaintiff alleges that, on January 3, 2008, Defendant "used excessive physical force, without need or provocation, and not applied in a good faith effort to maintain or restore discipline." *Complaint*, at 3. Plaintiff claims that, as a result of the incident, he lost two teeth and has been diagnosed with carpal tunnel syndrome. *Id.* at 4. Plaintiff also

claims that "concussive or head trauma injury is suspected." *Id.* Plaintiff seeks compensatory and punitive damages. *Id.*

Plaintiff seeks leave to amend his *Complaint* to assert a claim against Defendant Hill, in his official capacity, for injunctive relief. According to Plaintiff, evidence disclosed during the Defendant's recent deposition supports the proposed amendment. In particular, Plaintiff states that "it was discovered that the [Ohio Department of Rehabilitation and Correction] had failed to provide annual training on the application of handcuffs." *Motion for Leave to Amend*, Doc. No. 83, at 2-3. Plaintiff therefore seeks to add a claim against Defendant Hill, in his official capacity,[1] for failure to adequately train on the use of handcuffs.

In the tendered *Amended Complaint,* Plaintiff alleges that Defendant Hill "used handcuffs in a manner that caused injury to Plaintiff and violated Plaintiff's constitutional rights." *See* Exhibit A at ¶ 7, attached to *Motion for Leave to Amend*, Doc. No. 83. Plaintiff further alleges that the Ohio Department of Rehabilitation and Correction ["ODRC"] "failed to provide adequate training to Defendant on the use of handcuffs." *Id.* at ¶ 8. According to Plaintiff, this lack of training caused injury to Plaintiff. *Id.* at ¶ 9. Thus, Plaintiff seeks "injunctive relief. . . requiring the ODRC to provide adequate and proper training on the use of handcuffs . . . ." *Id.* at ¶ 12.

Defendant opposes the proffered amendment of the *Complaint* on the basis that the proposed claim is futile.

## II.

Rule 15(a) of the Federal Rules of Civil Procedure provides that a "court should freely

---

[1] A claim against a prison official in his or her official capacity is essentially a claim against the State itself. *See Kentucky v. Graham*, 473 U.S. 159 (1985). Thus, a claim for damages against a state official in his or her official capacity cannot be maintained under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). A claim for injunctive relief against a state official in his or her official capacity is, however, not barred by the Eleventh Amendment to the United States Constitution. *See Wolfel v. Morris*, 972 F.2d 712 (6th Cir. 1992).

give [leave to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). The grant or denial of the request to amend a complaint is left to the broad discretion of the district court. *General Electric Co. v. Sargeant & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). In exercising its discretion, the district court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing parties by virtue of allowance of the amendment [and] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III.

Defendant opposes the proposed amendment on the basis of futility. In particular, Defendant argues that the proposed claim would not survive a motion to dismiss because Plaintiff has not complied with the requirement of exhaustion of administrative remedies under the Prison Litigation Reform Act ["PLRA"], 42 U.S.C. § 1997e(a).

The PLRA requires that a prisoner filing a § 1983 claim must first exhaust available administrative remedies. *Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The statute provides, in pertinent part:

> No action shall be brought with respect to prison conditions under [section 1983 of this title], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). In *Porter v. Nussle*, the United States Supreme Court held that the term "prison conditions" as used in the statute is to be given a broad interpretation to include "all inmate suits about prison life, whether they involve general circumstances or particular episodes . . . ." 534 U.S. at 532.

In order to satisfy the exhaustion requirement, an inmate must "complete the

administrative review process in accordance with the applicable procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).[2] Exhaustion is not a jurisdictional predicate but the requirement is mandatory, *Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

In this case, the Court concludes that Plaintiff's proposed claim that Defendant was not adequately trained on the use of handcuffs undoubtedly concerns a "prison condition." Thus, the claim is subject to the exhaustion requirement of the PLRA. Defendant argues that Plaintiff has not exhausted administrative remedies and proffers the Affidavit of Linda Coval, Deputy Chief Inspector for the ODRC, in this regard. Ms. Coval avers that Plaintiff has not submitted a grievance concerning ODRC's policies, procedures, or training pertaining to the use of handcuffs. *See* Exhibit A, at ¶ 6, attached to *Defendant's Memorandum contra*, Doc. No. 88.

In his *Reply Memorandum*, Plaintiff argues that he has in fact exhausted administrative remedies since his initial grievance concerned both the "excessive use of force" and "inappropriate supervision" on the part of Defendant Hill. *Reply Memorandum*, Doc. No. 91, at 2-3; *see also Notification of Grievance*, Exhibit attached to *Complaint*, Doc. No. 3. According to Plaintiff, the "inappropriate supervision" aspect of his grievance encompasses the proposed claim regarding the use of handcuffs. Plaintiff also notes that Defendant Hill was sued in his official and individual capacities when the *Complaint* was filed, although only monetary relief was sought. According to Plaintiff, the proposed claim regarding the policy on handcuff use is also encompassed by the following allegation in his *Complaint*: "[A] policy or custom of supervisory acquiescence serious enough to infer deliberate indifference to the unconstitutional practices, by supervisory official's

---

[2] Ohio employs a three-step grievance procedure for inmate claims. Ohio Admin. Code § 5120-9-31. First, an inmate must file an informal complaint. If that complaint does not result in a decision satisfactory to the inmate, he can appeal the decision to the Inspector of Institutional Services. Finally, if that appeal is found to be without merit, the inmate can appeal the decision to the Chief Inspector. *Id.*

[*sic*] supports a claim for relief against the State, thus, the Defendant is being sued in his [i]ndividual and [o]fficial capacit[ies]." *Complaint*, Doc. No. 3, at 3.

The Court disagrees with Plaintiff's argument that he has exhausted available administrative remedies with respect to the proposed claim regarding training on the use of handcuffs. Plaintiff's reference in his grievance to "inappropriate supervision" does not challenge any practice or policy of the ODRC with respect to the use of handcuffs or training on such use and did not provide fair notice of such claim to either the Defendant or the agency. Furthermore, although Plaintiff brought suit against Defendant Hill in both his individual and official capacities, Plaintiff's claim of "supervisory acquiescence" is far too vague to encompass the proposed claim regarding an agency practice or policy on the use of handcuffs.

In sum, the Court concludes that Plaintiff has not exhausted his available administrative remedies with respect to the proposed claim. The motion to amend is therefore denied on the basis of futility.

**WHEREUPON**, Plaintiff's *Motion for Leave to File* an *Amended Complaint*, **Doc. No. 83**, is **DENIED**.


**February 28, 2011**          *s/ Norah McCann King*
**DATE**                        **NORAH McCANN KING**
                                **UNITED STATES MAGISTRATE JUDGE**

5