IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LAWRENCE E. WILSON,**

        **Plaintiff,**

  vs.                                         Civil Action 2:08-CV-552
                                                  Magistrate Judge King

**LEON HILL,**

        **Defendant.**

## OPINION AND ORDER

This matter is before the Court on *Defendant Leon Hill's Motion for Leave for this Court to Consider the Instant Pleading as a Third Motion for Summary Judgment Raising Qualified Immunity* ("*Defendant's Motion for Leave*"), Doc. No. 158. Plaintiff opposes *Defendant's Motion for Leave*. *Plaintiff Lawrence E. Wilson's Opposition to Defendant's Motion for Leave for this Court to Consider the Instant Pleading as a Third Motion for Summary Judgment Raising Qualified Immunity* ("*Plaintiff's Response*"), Doc. No. 163. Defendant has filed a reply. *Defendant Leon Hill's Reply Brief in Support of His Motion for Leave for this Court to Consider a Third Motion for Summary Judgment Raising Qualified Immunity* ("*Defendant's Reply*"), Doc. No. 167. Also before the Court is *Defendant Leon Hill's Motion to Stay Case Schedule Pending Resolution of Dispositive Motion Raising Qualified Immunity* ("*Defendant's Motion to Stay*"), Doc. No. 160, which is ripe for consideration. For the reasons that follow, *Defendant's Motion for Leave* is **DENIED**. *Defendant's Motion to Stay* is **DENIED** as moot.

1

**I. Background**

This is an action instituted under the provisions of 42 U.S.C. § 1983, in which plaintiff, an inmate at the Pickaway Correctional Institution ("PCI"), alleges that defendant corrections officer used excessive force against him in violation of the Eighth Amendment to the United States Constitution. This case has been pending since June 2008. On May 4, 2009, defendant filed his first motion for summary judgment, arguing that there was no evidence that excessive force had been applied or that plaintiff had suffered an injury. *Defendant's Motion for Summary Judgment*, Doc. No. 35, pp. 6, 10. The Court denied that motion on February 22, 2010, concluding that the record reflected genuine issues of material fact. *Opinion and Order*, Doc. No. 45, pp. 9-10.

The Court appointed counsel for plaintiff on April 29, 2010. *Order*, Doc. No. 52.

On July 1, 2011, defendant filed a second motion for summary judgment, again arguing a lack of evidence on the issues of excessive force and injury. *Defendant Leon Hill's Second Motion for Summary Judgment*, Doc. No. 110. The Court denied that motion on March 29, 2012, concluding that there existed a genuine issue of material fact as to whether plaintiff suffered an injury. *Opinion and Order*, Doc. No. 147, pp. 43-44.

Defendant now seeks leave to file a third motion for summary judgment. *Defendant's Motion for Leave*, p. 1. The deadlines for the completion of discovery and the filing of dispositive motions expired on June 1, 2011 and July 1, 2011, respectively. *See* Doc. Nos. 58,

103. The parties apparently agreed to postpone defendant's deposition of plaintiff's dental expert until after the resolution of defendant's second motion for summary judgment. *See Plaintiff's Response*, pp. 3-4; *Defendant's Reply*, pp. 1-2. Defendant deposed plaintiff's dental expert on June 28, 2012, *i.e.*, more than one year beyond the discovery completion deadline. *Defendant's Motion*, p. 3. Defendant asserts that he learned of evidence at this deposition that supports his request for summary judgment. *Id*. at pp. 2-3. Defendant also notes that an audio tape of a January 8, 2008 Rules Infraction Board Hearing was not submitted to the Court, and the defense of qualified immunity was not raised, in his previous motions for summary judgment. *Defendant's Motion for Leave*, pp. 4-5.

**II. Standard**

Rule 16(b) of the Federal Rules of Civil Procedure requires the Court, in each civil action not exempt from that rule, to issue a scheduling order that, *inter alia*, limits the time to file motions. Fed. R. Civ. P. 16(b). Where, as here, a party seeks leave to file a dispositive motion after the deadline set in the scheduling order, that party must show "good cause" and obtain the "judge's consent." Fed. R. Civ. P. 16(b)(4). "'The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements.'" *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). "A district court should also consider possible prejudice to the party opposing the modification." *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th

Cir. 2005) (citing *Inge*, 281 F.3d at 625). The focus is, however, "primarily upon the diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause." *Ortiz v. Karnes*, 2:06-cv-562, 2010 WL 2991501, at *1 (S.D. Ohio July 26, 2010) (citing *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995)). Whether to grant leave under Rule 16(b) falls within the district court's discretion. *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

**III. Discussion**

Defendant seeks leave to file a third motion for summary judgment, but he does not expressly address the "good cause" standard of Rule 16(b). Defendant essentially argues that leave should be granted because, if granted, the third motion for summary judgment would be found to be meritorious. Defendant specifically argues that evidence obtained after the denial of his second motion for summary judgment entitles him to summary judgment. *Defendant's Motion for Leave*, pp. 3-7. Defendant also argues that he is entitled to qualified immunity and risks waiving the defense, under *Ortiz v. Jordan*, 131 S.Ct. 884, 889 (2011), if he fails to raise it in a motion for summary judgment (or fails to appeal any decision denying summary judgment). *Id*. at pp. 1, 9. According to defendant, his previous counsel failed to raise the defense of qualified immunity, *id*. at p. 1, and failure to raise the defense "prior to trial in this matter, borders on ineffective assistance of counsel." *Defendant's Reply*, p. 6.

The Court is not persuaded that defendant has established good

cause for his failure to comply with the scheduling order in this case.

First, it is clear that defendant has been less than diligent in attempting to meet the case schedule requirements. There is no indication that the January 8, 2008 Rules Infraction Board Hearing audio tape was not available to defendant prior to the discovery completion or dispositive motions deadlines; moreover, defendant could have raised the defense of qualified immunity in his first two motions for summary judgment, and the delay in deposing plaintiff's expert appears to have been at the request of defendant. *See Defendant's Reply*, pp. 1-2. Defendant should not now be rewarded with an extension to the schedule at plaintiff's expense, simply because he failed to diligently seek discovery and raise arguments in prior motions.

Second, defendant's reliance on *Ortiz* is misplaced. It is true that "a party ordinarily cannot appeal an order denying summary judgment after a full trial on the merits."[1] *Ortiz*, 131 S.Ct. at 888-89. It does not necessarily follow that qualified immunity must be raised in the context of a motion for summary judgment or that the defense is waived by a party's failure to appeal an order denying summary judgment on the issue. As the United States Supreme Court stated in *Ortiz*:

> Once the case proceeds to trial, the full record developed in court supersedes the record existing at the time of the summary judgment motion. A qualified immunity defense, of

---

[1] "*Ortiz* leaves open the possibility that cases 'involving . . . only disputes about the substance and clarity of pre-existing law' may still be considered." *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 545 (6th Cir. 2012) (quoting *Ortiz*, 131 S.Ct. at 892).

5

> course, does not vanish when a district court declines to rule
> on the plea summarily. The plea remains available to the
> defending officials at trial; but at that stage, the defense
> must be evaluated in light of the character and quality of the
> evidence received in court.

*Ortiz*, 131 S.Ct. at 889. In short, defendant will be permitted to raise the defense of qualified immunity at trial and fully develop the record. Defendant will therefore not be prejudiced by the denial of *Defendant's Motion for Leave*.

For the forgoing reasons, *Defendant's Motion for Leave*, Doc. No. 158, is **DENIED**. *Defendant's Motion to Stay*, Doc. No. 160, which seeks a stay of the case schedule pending resolution of *Defendant's Motion for Leave*, is **DENIED** as moot.

*s/ Norah McCann King*
Norah M<sup>c</sup>Cann King
United States Magistrate Judge

November 13, 2012