IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


LAWRENCE E. WILSON,

                    Plaintiff,

          vs.                                    Civil Action 2:08-CV-552
                                                 Magistrate Judge King

LEON HILL,
                    Defendant.


<u>ORDER</u>

     This matter is before the Court, with the consent of the parties
pursuant to 28 U.S.C. §636(c), for consideration of *Defendant Leon
Hill's Motion for Reconsideration of Order Denying Motion for Leave to
File Motion for Summary Judgement Instanter* ("*Defendant's Motion to
Reconsider*"), Doc. No. 174.

     This case has been pending since June 2008.  On May 4, 2009,
defendant filed his first motion for summary judgment, *Defendant's
Motion for Summary Judgment*, Doc. No. 35, which was denied on February
22, 2010.  *Opinion and Order*, Doc. No. 45, pp. 9-10.  On July 1, 2011,
defendant filed a second motion for summary judgment, *Defendant Leon
Hill's Second Motion for Summary Judgment*, Doc. No. 110, which was
denied on March 29, 2012.  *Opinion and Order*, Doc. No. 147, pp. 43-44.
On September 25, 2012, more than a year after the deadline for filing
dispositive motions, *see* Doc. Nos. 58, 103, defendant sought leave to
file yet a third motion for summary judgment.  *Defendant Leon Hill's
Motion for Leave for this Court to Consider the Instant Pleading as a
Third Motion for Summary Judgment Raising Qualified Immunity*, Doc. No.

1

158. On November 13, 2012, the Court denied that motion. *Opinion and Order*, Doc. No. 171. Defendant now seeks reconsideration of that order. *Defendant's Motion to Reconsider* is without merit.

The Court's November 13, 2012 *Opinion and Order*, which denied defendant leave to file a third motion for summary judgment, is an interlocutory order requiring further proceedings. *Id*. Although the Federal Rules of Civil Procedure do not explicitly address motions for reconsideration of interlocutory orders, the authority for a district court to hear such motions is found in both the common law and Rule 54(b) of the Federal Rules of Civil Procedure. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) ("Every order short of a final decree is subject to reopening at the discretion of the district judge"); *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) ( "District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment."); *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959-60 (6th Cir. 2004). "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or, (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez*, 89 F. App'x at 959 (citing *Reich v. Hall Holding Co.*, 990 F.Supp. 955, 965 (N.D. Ohio 1998)). However, a motion for reconsideration "should not be used to re-litigate issues previously considered." *Am. Marietta Corp. v. Essroc Cement Corp.*, 59 F. App'x 668, 671 (6th Cir. 2003).

Defendant does not point to a change of controlling law, new

evidence, or clear error in the Court's *Opinion and Order*, but merely offers arguments and issues previously presented to – and rejected by – this Court.

*Defendant's Motion to Reconsider*, Doc. No. 174, is therefore **DENIED.**


November 20, 2012        <u>    *s/ Norah McCann King*    </u>
                               Norah M$^c$Cann King
                         United States Magistrate Judge