```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

**LAWRENCE E. WILSON,**

        **Plaintiff,**

  vs.                                Civil Action 2:08-CV-552
                                        Magistrate Judge King

**LEON HILL,**

        **Defendant.**

OPINION AND ORDER

      This matter is before the Court, with the consent of the parties pursuant to 28 U.S.C. § 636(c), for consideration of *Plaintiff Lawrence E. Wilson's Motion in Limine* ("*Plaintiff's Motion in Limine*"), Doc. No. 166. Defendant opposes *Plaintiff's Motion in Limine*. *Defendant Leon Hill's Response in Opposition to Plaintiff's Motion in Limine* ("*Defendant's Response*"), Doc. No. 173. Plaintiff has filed a reply. *Plaintiff Lawrence E. Wilson's Reply in Further Support of his Motion in Limine*, Doc. NO. 176. For the reasons that follow, *Plaintiff's Motion in Limine* is **GRANTED** in part and **DENIED** in part.

**I.  Standard**

      The purpose of a motion in *limine* is to ensure the evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible. *See Ind. Ins. Co. v. General Elec. Co.*, 326 F.Supp.2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)). A court should exclude evidence on a motion in *limine* only when that evidence is

1

determined to be clearly inadmissible on all potential grounds. *Id*. When a court is unable to determine whether or not certain evidence is clearly inadmissible, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in the proper context. *Id*. Whether or not to grant a motion in *limine* falls within the sound discretion of the trial court. *Branham v. Thomas Cooley Law Sch.*, 689 F.3d 558, 560 (6th Cir. 2012) (citing *United States. v. Talley*, 194 F.3d 758, 765 (6th Cir. 1999)).

**III. Discussion**

This is an action instituted under the provisions of 42 U.S.C. § 1983, in which plaintiff, a state prisoner, alleges that defendant, a corrections officer at the Pickaway Correctional Institution ("PCI"), used excessive force against him in violation of the Eighth Amendment to the United States Constitution. Trial by jury is scheduled to begin on January 28, 2013. Doc. No. 155. Plaintiff now seeks to exclude several categories of evidence; each will be discussed in turn.

**A. Plaintiff's prior conviction**

*Plaintiff's Motion in Limine* requests an order "directing defendant and his counsel to not make any statements, arguments, to not question any witness, and to not seek to introduce any evidence relating to [plaintiff's] underlying criminal conviction." *Plaintiff's Motion in Limine*, pp. 2-3. Plaintiff was convicted of one count of rape in violation of R.C. § 2907.023. *Id*. at p. 4.

Defendant opposes *Plaintiff's Motion in Limine* on the basis that

2

plaintiff's prior conviction is admissible under Rule 609(a) of the Federal Rules of Evidence to attack plaintiff's credibility. *Defendant's Response*, pp. 1-2. Defendant argues that "[c]redibility is a central issue in the case" because plaintiff has "provided no credible evidence of his excessive force claims." *Defendant's Response*, p. 2. Defendant cites to plaintiff's April 24, 2009 parole hearing, *see id*. at p. 3, and a "factual finding rendered by the Second Appellate District," *see Defendant Leon Hill's Motion for Reconsideration*, Doc. No. 174, pp. 3-4,[1] in an attempt to demonstrate plaintiff's "lack of veracity" through detailed descriptions of the facts underlying the offense.

> Rule 609 of the Federal Rules of Evidence provides in part:
>
> (a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>
> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
> (A) must be admitted, subject to Rule 403, in a civil case. . . .

Fed. R. Evid. 609. Plaintiff's felony rape conviction, for which he remains incarcerated, is therefore admissible for purposes of attacking plaintiff's credibility unless that evidence is deemed inadmissible under Fed. R. Evid. 403. That rule provides that a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue

---

[1] *Defendant Leon Hill's Motion for Reconsideration*, Doc. No. 174, specifically references *Plaintiff's Motion in Limine* and the admissibility of plaintiff's prior conviction under Rule 609(a).

3

delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The Court agrees that plaintiff's rape conviction is relevant to the issue of plaintiff's credibility, which is a highly contested issue in this action. Defendant will therefore be permitted to introduce into evidence the fact that plaintiff was convicted of rape.

Defendant also proposes to introduce evidence of the facts and details of that offense. That information, however, is not relevant to plaintiff's credibility and yet carries the risk that a jury hearing such inflammatory evidence will be unduly influenced by such evidence in its consideration of the issues presented in the case. Under these circumstances, the Court concludes that the probative value of detailed descriptions of the facts underlying plaintiff's rape conviction, if any, is outweighed by the unfair prejudice that such evidence is likely to present. The Court will therefore not permit defendant to introduce into evidence the details of the facts underlying plaintiff's rape conviction.

**B. Previously undisclosed witnesses and exhibits**

*Plaintiff's Motion in Limine* seeks to preclude defendant from offering any witness or exhibit not disclosed during the discovery period. *Plaintiff's Motion in Limine*, p. 8. Under Rule 26(a)(3) of the Federal Rule of Civil Procedure, a party must produce, *inter alia*, the names of witnesses whom that party may present at trial, and must separately identify those witnesses whom that party expects to present and those whom that party may call only if the need arises. Fed. R. Civ. P. 26(a)(3). Moreover, a party must supplement its Rule 26(a)

4

disclosures and other discovery responses "in a timely manner." Fed. R. Civ. P. 25(e).  Failure to comply with Rule 26(a) or (e) may result in an order precluding the admission of evidence at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  However, "'where a judge has determined that testimony is otherwise admissible, the mere fact that the party seeking its introduction has not fully complied with pretrial orders does not mandate its exclusion.'" *Taylor v. Teco Barge Line, Inc.*, 517 F.3d 372, 379 (6th Cir. 2008) (quoting *Miller v. Am. President Lines, Ltd.*, 989 F.2d 1450, 1466 (6th Cir. 1993)).

In the case presently before the Court, plaintiff seeks to preclude evidence that was allegedly not disclosed by defendant prior to the close of discovery. *Plaintiff's Motion in Limine*, p. 8. Discovery closed on June 1, 2011, *Order*, Doc. No. 103, and witness and exhibit lists were due by October 15, 2012, *Order*, Doc. No. 155.[2] Defendant has not yet filed a witness and exhibit list. Nevertheless, the Court is unwilling to exclude evidence without first understanding the evidence and witnesses that defendant actually intends to offer, as well as his reason for any failure to comply with the orders of this Court and the Rules of Civil Procedure.

Defendant is therefore **ORDERED** to file a witness and exhibit list by December 17, 2013.  To this extent, *Plaintiff's Motion in Limine* is **DENIED** without prejudice to renewal following defendant's filing.

### C. Adverse inference instruction

---

[2] Defendant mistakenly represents that witness and exhibit lists are due on December 17, 2012. *Defendant's Response*, p. 4. In fact, the joint final pretrial order and the parties' proposed jury instructions are due on that date. *Order*, Doc. No. 155.

*Plaintiff's Motion in Limine* seeks an adverse inference instruction due to spoliation of evidence.  Plaintiff argues that defendant failed to produce the notes allegedly taken by Mohammad Yakubu, the institutional inspector for PCI in 2008, of inmate interviews conducted during an investigation of plaintiff's grievance. *Plaintiff's Motion in Limine*, pp. 8-10.  According to plaintiff, defendant was under a duty to preserve the interview notes because the interviews occurred after this action was filed.  Plaintiff argues that defendant's failure to produce the notes warrants an adverse inference instruction "that the jury is permitted to infer that Mr. Yakubu's interview notes support Mr. Wilson's claim of excessive force."  *Id*.

"The term 'spoliation' includes the destruction of evidence or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Jones v. Staubli Motor Sports Div. of Staubli Am. Corp.*, No. 2:09-CV-1120, 2012 U.S. Dist. LEXIS 133650, at *18-19 (S.D. Ohio Sept. 19, 2012) (quoting *Owner-Operator Indep. Drivers Ass'n v. Comerica Bank*, 860 F.Supp.2d 519 (S.D. Ohio)).  A district court is vested with the broad discretion to craft proper sanctions for spoliation.  *Adkins v. Wolever*, 554 F.3d 650, 651-52 (6th Cir. 2009).  To justify an adverse inference instruction based on the spoliation of evidence, plaintiff, as the moving party, must establish that: "(1) the party having control over the evidence had a duty to preserve it; (2) the evidence was destroyed with a culpable state of mind; and (3) the destroyed evidence was relevant to the party's claim or defense." *Jennings v. Bradley*, 419

6

F. App'x 594, 599 (6th Cir. 2011) (citing *Beaven v. U.S. Dep't of Justice*, 622 F.3d 540, 553 (6th Cir. 2010).

In the case presently before the Court, plaintiff argues that, while investigating plaintiff's grievance, Mr. Yakubu took notes during inmate interviews, that the notes should be in plaintiff's inmate file, and that defendant failed to produce the notes during discovery. *Plaintiff's Motion in Limine*, p. 10.

Mr. Yakubu's deposition testimony provides that, while investigating plaintiff's grievance in 2008, he took notes of his interviews of inmates. *Deposition of Mohammad Yakubu*, Doc. No. 112-1, p. 57. Mr. Yakubu also testified that, in 2008, it was his normal practice to scan his notes into an electronic system and open an electronic file for the inmate. *Id*. at 56. Hard copies of notes would also have been maintained for a period. *Id*. Mr. Yakubu did not know whether his notes existed at the time of his deposition and, if so, where they would have been kept. *Id.*

Plaintiff has not established that the named defendant was obligated to, but failed to, place a litigation hold on any records of the Ohio Department of Rehabilitation and Correction or that the named defendant even had control over the documents generated during the course of Mr. Yakubu's investigation. In short, plaintiff has not established that defendant may properly be charged with the failure to produce those documents, even assuming that such documents ever existed.

Plaintiff is therefore not entitled to an adverse inference and, as it relates to this request, *Plaintiff's Motion in Limine* is **DENIED.**

**D. Settlement negotiations**

Plaintiff also requests an order, pursuant to Federal Rule of Evidence 408(a), "excluding all evidence of settlement negotiations between the parties." *Plaintiff's Motion in Limine*, pp. 10-11. Defendant does not oppose the exclusion of evidence related to settlement discussions. *Defendant's Response*, p. 4. *Plaintiff's Motion in Limine* is therefore **GRANTED** as unopposed in this regard.

**E. Twenty-four hour notice**

Finally, plaintiff seeks an order, pursuant to Federal Rule of Evidence 611(a), directing the parties to provide 24 hours notice before calling any witness. *Plaintiff's Motion in Limine*, p. 11. Plaintiff has not articulated a reason for his request and the Court perceives no justification for the request. Plaintiff's request for 24 hour notice before calling any witness is therefore **DENIED**.

**WHEREUPON**, *Plaintiff's Motion in Limine*, Doc. No. 166, is **GRANTED** in part and **DENIED** in part. Defendant may introduce evidence of the fact of plaintiff's prior rape conviction for purposes of impeachment, but may not introduce evidence relating to the underlying facts and details of the offense. Defendant is **ORDERED** to file a witness and exhibit list by December 17, 2013. To the extent that *Plaintiff's Motion in Limine* relates to defendant's alleged failure to disclose witnesses and exhibits during the discovery completion period, that motion is **DENIED** without prejudice to renewal following defendant's filing. To the extent that *Plaintiff's Motion in Limine* seeks an adverse inference instruction, the motion is **DENIED**. To the extent

8

9

that *Plaintiff's Motion in Limine* seeks to exclude evidence of settlement negotiations between the parties, the motion is **GRANTED** as unopposed.  Finally, to the extent that *Plaintiff's Motion in Limine* asks that the parties be required to provide 24 hour notice of that party's witnesses, the motion is **DENIED**.


                                          *s/ Norah McCann King*
                                           Norah McCann King
December 7, 2012                 United States Magistrate Judge