```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION


LAWRENCE E. WILSON,

                Plaintiff,

     vs.                                Civil Action 2:08-CV-552
                                        Magistrate Judge King

LEON HILL,
                Defendant.
```

## OPINION AND ORDER

This matter is before the Court, with the consent of the parties pursuant to 28 U.S.C. § 636(c), for consideration of *Defendant Leon Hill's Motion in Limine* ("*Defendant's Motion in Limine*"), Doc. No. 179. Plaintiff opposes *Defendant's Motion in Limine*. *Plaintiff Lawrence E. Wilson's Opposition to Defendant Leon Hill's Motion in Limine* ("*Plaintiff's Response*"), Doc. No. 195. Defendant has filed a reply. *Defendant Leon Hill's Reply in Support of Motion in Limine* ("*Defendant's Reply*"), Doc. No. 209. Also before the Court is *Plaintiff Lawrence E. Wilson's Objections to Defendant's Witness and Exhibit List and Renewed Motion in Limine* ("*Plaintiff's Motion in Limine*"), Doc. No. 199, and *Plaintiff's Supplement to His Motion in Limine*, Doc. No. 208. Defendant opposes *Plaintiff's Motion in Limine*. *Defendant Leon Hill's Response in Opposition to Plaintiff's Renewed Motion in Limine to Exclude Witnesses and Exhibits* ("*Defendant's Response*"), Doc. No. 217. Plaintiff has filed a reply. *Reply in Support of Plaintiff Lawrence E. Wilson's Objections to Defendant's Witness and Exhibit List and Renewed Motion in Limine*, Doc. No. 222.

For the reasons that follow, *Defendant's Motion in Limine* is **GRANTED** in part and **DENIED** in part.  *Plaintiff's Motion in Limine* is **GRANTED** in part and **DENIED** in part.

I.  Standard

The purpose of a motion in *limine* is to ensure the evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible.  *See Ind. Ins. Co. v. General Elec. Co.*, 326 F.Supp.2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)).  A court should exclude evidence on a motion in *limine* only when that evidence is determined to be clearly inadmissible on all potential grounds.  *Id*.  When a court is unable to determine whether or not certain evidence is clearly inadmissible, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in the proper context.  *Id*.  Whether or not to grant a motion in *limine* falls within the sound discretion of the trial court.  *Branham v. Thomas Cooley Law Sch.*, 689 F.3d 558, 560 (6th Cir. 2012) (citing *United States. v. Talley*, 194 F.3d 758, 765 (6th Cir. 1999)).

II. Background

This is an action instituted under the provisions of 42 U.S.C. § 1983, in which plaintiff, a state prisoner, alleges that defendant, a corrections officer at the Pickaway Correctional Institution, used excessive force against him in violation of the Eighth Amendment to the United States Constitution.  Plaintiff alleges, *inter alia*, that defendant slammed plaintiff into a wall and damaged two teeth that

later required extraction. *Complaint*, Doc. No. 3, p. 4.

After the denial of defendant's first motion for summary judgment, *see Opinion and Order*, Doc. No. 45, counsel was appointed for plaintiff. *Order*, Doc. No. 52. At a preliminary pretrial conference held on May 19, 2010, the Court excused the parties from making disclosures under Fed. R. Civ. P. 26(a)(1). *Preliminary Pretrial Order*, Doc. No. 58. After several extensions, primary expert reports were to have been produced consistent with Fed. R. Civ. P. 26(a)(2) by November 1, 2010 and rebuttal expert reports were to have been produced by November 19, 2010. *Id.*; *Order*, Doc. No. 60; *Order*, Doc. No. 64. Defendant identified two experts, Clayborn Taylor, D.D.S., and Daniel Michael Clinchot, M.D., on November 1, 2010, and produced their expert reports on that same date. *Defendant Leon Hill's Disclosure of Expert Testimony*, Doc. No. 74. The date by which all discovery was to have been completed was ultimately extended to June 1, 2011. *Preliminary Pretrial Order*, Doc. No. 58; *Order*, Doc. No. 80; *Order*, Doc. No. 87; *Order*, Doc. No. 95; *Order*, Doc. No. 103. On September 27, 2011, however, discovery was reopened to permit plaintiff to depose two individuals whose declarations had been attached to *Defendant Leon Hill's Second Motion for Summary Judgment*, Doc. No. 110, but whose identities had not been disclosed to plaintiff prior to the close of discovery. *Order*, Doc. No. 125. *See Supplemental Memorandum of Plaintiff Lawrence E. Wilson in Opposition to Defendant's Second Motion for Summary Judgment*, Doc. No. 139.

Defendant's request to file a third motion for summary judgment was denied on November 13, 2012, *Opinion and Order*, Doc. No. 171.

3

Trial by jury is scheduled to begin on January 28, 2013. *Order*, Doc. No. 155.

**III. Discussion**

    **A.  Defendant's Motion in Limine**

Defendant intends to call Clayborn Taylor, D.D.S., as a witness at trial to testify as plaintiff's treating dentist and as an expert regarding plaintiff's allegation that two teeth suffered damage as a result of defendant's alleged excessive force. *Final Pretrial Order*, Doc. No. 210, p. 4; *Declaration of Clayborn Taylor* ("*Taylor Declaration*"), attached to *Defendant's Motion in Limine*, at ¶ 2. Dr. Taylor has "been a licensed dentist, in good standing, by the Ohio State Dental Board, since 1984." *Taylor Declaration*, ¶ 5. Dr. Taylor was previously licensed as a dentist in 1976, but his license "was revoked in 1978 due to felony convictions of conspiracy in violation of 18 U.S.C. § 371 and mail fraud in violation of 18 U.S.C. § 1341 – *United States v. Talbott, et al.*, 460 F.Supp. 253." *Id*. at ¶ 6. In 1984, Dr. Taylor was again licensed by the Ohio State Dental Board "in accordance with [his] rehabilitation efforts as verified by documentation of [his] acceptance of responsibility for [his] criminal convictions." *Id*. at ¶ 7.

Defendant now seeks to exclude, pursuant to Federal Rules of Evidence 609(b) and 609(c)(1), all evidence related to "Dr. Taylor's 1976 licensure, its subsequent revocation or his 1978 criminal convictions." *Defendant's Motion in Limine*, p. 3. Plaintiff opposes *Defendant's Motion in Limine* on the basis that Dr. Taylor's prior convictions constitute crimes of dishonesty, the probative value of

4

which outweighs their prejudicial effect, and that there is no evidence that Dr. Taylor's convictions or license revocation were the subject of a pardon, annulment or certificate of rehabilitation. *Plaintiff's Response*, pp. 3-5. Plaintiff also argues that Rule 609 has no application to dental license revocations. *Id*. Defendant replies that evidence of Dr. Taylor's license revocation is tantamount to evidence of his criminal convictions because his license was revoked as a result of his convictions. *Defendant's Reply*, p. 2.

Under Rule 609, "[e]vidence that a witness has been convicted of a crime involving dishonesty or false statements, regardless of the punishment, shall be admitted for impeachment purposes, without any balancing test." *United States v. Peatross*, 377 F. App'x 477, 489 (6th Cir. 2010) (citing Fed. R. Evid. 609(a)(2)). Rule 609(b) limits the admissibility of evidence of prior convictions when the date of conviction, or the date upon which the witness was released from confinement, whichever is later, is more than ten years prior to the proceeding. Fed. R. Evid. 609(b). Under those circumstances, "the trial court must determine whether the probative value of the evidence substantially outweighs its prejudicial effects." *Peatross*, 377 F. App'x at 489 (citing Fed. R. Evid. 609(b)). "'Rule 609(b) creates, in effect, a rebuttable presumption that convictions over ten years old are more prejudicial than helpful and should be excluded.'" *United States v. Rodriguez*, 409 F. App'x 866, 869 (6th Cir. 2011) (quoting *United States v. Sims*, 588 F.2d 1145, 1150 (6th Cir. 1978)). The United States Court of Appeals for the Sixth Circuit has held "that 'evidence of convictions more than ten years old should be

5

admitted very rarely and only in exceptional circumstances.'" *Id*. (quoting *United States v. Sloman*, 909 F.2d 176, 181 (6th Cir. 1990)).

In the case presently before the Court, Dr. Taylor's 1978 felony convictions for conspiracy and mail fraud relate to crimes involving a dishonest act or false statement within the ambit of Rule 609(a)(2). Nevertheless, the Court concludes that, in light of Dr. Taylor's apparent rehabilitation, subsequent re-licensure and continued good standing since 1984, the probative value of Dr. Taylor's 34-year-old convictions does not substantially outweigh their prejudicial effect. *See Sims*, 588 F.2d at 1148 ("When stale convictions are offered for the purpose of impeaching a witness, they often shed little light on the present tendency of the witness towards truthfulness and veracity.").

In short, the Court is not convinced that this case presents the sort of "exceptional circumstances" under which Dr. Taylor's convictions should be admitted. Plaintiff is therefore precluded from impeaching Dr. Taylor with evidence of his 1978 felony convictions.

As to evidence of Dr. Taylor's 1976 licensure and its 1978 revocation, defendant argues that the revocation is evidence of the 1978 criminal convictions because the license was revoked as a result of the convictions. *Defendant's Reply*, pp. 3-5. Defendant has not, however, pointed to any precedent suggesting that Rule 609 applies to the revocation of a state dental license. Rule 609 applies to "evidence of a criminal conviction." *See* Fed. R. Evid. 609(a). A license revocation is not a criminal conviction and, contrary to defendant's reasoning, there is no reason why plaintiff cannot

6

question Dr. Taylor regarding the license revocation without eliciting testimony regarding the prior convictions. It is of no consequence that Dr. Taylor's license was revoked only because of his criminal convictions. Similarly, the 1984 reinstatement of Dr. Taylor's license "in accordance with [his] rehabilitation efforts," *see Taylor Declaration*, ¶ 7, is not evidence of a "pardon, annulment, certificate of rehabilitation, or other equivalent procedure" under Rule 609(c)(1). The Court will therefore not exclude this evidence under Rule 609(c).

  **B.**  **Plaintiff's Motion in Limine**

On December 17, 2012, defendant filed a list of witnesses and exhibits expected to be used by the defense at trial. *Defendant Leon Hill's Witness and Exhibit List,* Doc. No. 191. *Plaintiff's Motion in Limine* seeks to exclude the testimony of certain witnesses and the use of certain documents at trial because they were not identified or produced by defendant during the discovery period.

First, plaintiff seeks to preclude the testimony of Timothy Destafano, Carl Brown, James R. Woods, Steven Justice and Don Coble because they were not disclosed during the discovery period. *Plaintiff's Motion in Limine*, pp. 2-4. Plaintiff represents that he made an initial request for Rule 26(a) disclosures in November 2008 and served multiple interrogatories requesting the identification of persons believed to have knowledge of the events of January 3, 2008 or that defendant may call as a witness. *Id*. at p. 3; *Declaration of Jonathan P. Corwin* ("*Corwin Declaration*"), Doc. No. 199-1. Plaintiff argues that, despite these requests, defendant failed to identify

7

Timothy Destafano, Carl Brown James Woods, Steven Justice and Don Coble as witnesses prior to the close of discovery.  *Corwin Declaration*, ¶ 6.

Under Rule 26(a)(3) of the Federal Rule of Civil Procedure, a party must produce, *inter alia*, the names of witnesses whom that party may present at trial, and must separately identify those witnesses whom that party expects to present and those whom that party may call only if the need arises.  Fed. R. Civ. P. 26(a)(3).  Moreover, a party must supplement its disclosures and other discovery responses "in a timely manner."  Fed. R. Civ. P. 26(e).  Failure to comply with Rule 26(a) or (e) may result in the imposition of sanctions under Rule 37(c)(1) unless the violation was harmless or substantially justified.  Fed. R. Civ. P. 37(c)(1).  *See also Vaughn v. City of Lebanon*, 18 F. App'x 252, 263 (6th Cir. 2001) (citations omitted).  The burden to prove harmlessness or substantial justification rests on the potentially sanctioned party.  *Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (citations omitted).  Harmlessness "is key under Rule 37, not prejudice." *Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003).  "[T]he advisory committee's note to Rule 37(c) 'strongly suggests that 'harmless' involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party.'" *Vaughn*, 18 F. App'x at 264 (quoting *Vance v. United States*, 182 F.3d 920 (6th Cir. 1999)).

Plaintiff, through counsel, expressly requested the identity of all fact and expert witnesses whom defendant intends to call at trial, as well as the production of all documents that defendant intends to

8

use as an exhibit at trial.  *Defendant Leon Hill's Response to Plaintiff Lawrence E. Wilson's Supplemental Set of Interrogatories and Document Requests*, Exhibit A-1, attached to *Declaration of Jonathan P. Corwin*, attached as Exhibit A to *Plaintiff's Motion in Limine* ("*Defendant's Response to Plaintiff's Supplemental Interrogatories and Document Requests*").  Defendant does not argue that he ever disclosed, prior to the June 1, 2011 discovery completion deadline, Timothy Destafano, Carl Brown, James Woods, Steven Justice or Don Coble as potential witnesses or as having relevant information, nor does defendant attempt to justify that failure.  Instead, defendant argues only that his failure to disclose these individuals as witnesses in a timely fashion is harmless because the witnesses were known to plaintiff "through his own pleadings prior to the start of discovery" and were referred to by plaintiff in his deposition testimony. *Defendant's Response*, p. 4 (citing *PAGEID* 119-20, 123).

Plaintiff concedes that some of these individuals were identified in the disposition of his grievance, which was attached to the *Complaint*, but he notes that the disposition of grievance was drafted by the Ohio Department of Rehabilitation and Correction, not by him. *Plaintiff's Motion in Limine*, pp. 3-4.

The disposition of grievance provides, in part, that the office of the institutional inspector investigated plaintiff's complaint and

> talked to Captain Hill, Captain Stewart, Officers Brown, Ard, and Mr. Mr. [sic] Destafano, psychology assistant. . . . [O]fficer Brown said he did not witness[] any use of force while you were brought to the officer's station. . . . Mr. Destafano said he could not recall talking to you about that incident while making rounds at the special management housing unit.

9

*Complaint*, p. 8.

The portions of plaintiff's deposition testimony identified by defendants provides that plaintiff knew "CO Brown" was present and witnessed the alleged excessive use of force and that he spoke to a "psych assistant" while in segregation who he thought was named "Destafano." *Deposition of Lawrence E. Wilson* ("*Wilson Deposition*"), Doc. No. 34, pp. 11-12.  Plaintiff also specifically testified that he did not know the first name of "CO Brown" and that he did not remember the name of the "psych assistant." *Id.*

The disposition of grievance and plaintiff's deposition testimony do not suggest that defendant's failure to disclose was harmless. First, neither the disposition of grievance nor plaintiff's deposition testimony mentions James Woods, Steven Justice or Don Coble.  Second, although the disposition of grievance mentions Brown and Destafano, it does not suggest that either person had information relevant to the lawsuit and it does not provide the first name of either person.  *See Complaint*, p. 8.  Similarly, plaintiff specifically testified on deposition that he did not know the first name of "CO Brown" and that he did not remember the name of the "psych assistant."  Furthermore, when plaintiff's counsel requested the deposition of the "Officer Brown" who had been identified in the disposition of grievance, defendant's former counsel identified one Jacob Brown as the relevant officer, not Carl Brown; in any event, neither officer was ever tendered for deposition despite plaintiff's request.  *Corwin Declaration*, ¶ 6.

10

Defendant did not identify Timothy Destafano, Carl Brown, James Woods, Steven Justice or Don Coble as potential witnesses during the discovery period,[1] *see Corwin Declaration*, ¶¶ 5-8, despite interrogatories requesting the identification of all such individuals. *See Defendant's Response to Plaintiff's Supplemental Interrogatories*, at pp. 5-6.  This failure to comply with Rule 26 and Rule 33 was neither harmless nor substantially justified.  Defendant is therefore prohibited, pursuant to Federal Rule of Civil Procedure 37(c)(1), from offering the testimony of Timothy Destafano, Carl Brown, James Woods, Steven Justice or Don Coble at trial.

Plaintiff also seeks to exclude the testimony of expert witnesses not identified in a timely fashion. *Plaintiff's Motion in Limine*, p. 5.  Plaintiff represents that defendant Leon Hill, Captain Lee Stewart, Mohammed Yakabu, James Woods, Steven Justice, Carl Brown, Ralph Ard and Don Coble were not identified as experts prior to the parties' *Proposed Joint Final Pretrial Order*, Doc. No. 197, which was filed on December 28, 2012.  *Id*.

*Defendant's Response* in this regard is not entirely clear. Defendant does not argue that these witnesses were previously identified as experts.  In fact, defendant seems to state that these individuals, or at least Mohammed Yakubu, have never been identified as experts. *See Defendant's Response*, p. 5 ("Further, undersigned counsel correctly asserted that as of February 16, 2012, Mohammed Yakubu had not been identified as an expert.  In fact that same

---

[1] According to plaintiff, Steven Justice was first identified as a potential witness on October 18, 2011, more than four months after the close of discovery, and Don Coble was first identified on June 26, 2012, more than one year after the close of discovery. *Corwin Declaration*, ¶¶ 7-8.

11

assertion, in all honesty is still the same."). However, defendant goes on to argue that all of the witnesses identified as experts "have specialized knowledge, skill, experience, training or education as it pertains to use of force, which is considered under Fed. R. Evid. 702 to be expert testimony, which 'will help the trier of fact to understand the evidence or to determine a fact in issue.'" *Id*.

Defendant's arguments are without merit. Defendant does not contest that he did not identify defendant Leon Hill, Captain Lee Stewart, Mohammed Yakabu, James Woods, Steven Justice, Carl Brown, Ralph Ard or Don Coble as potential expert witnesses prior to December 27, 2012, just one month before trial. *See Corwin Declaration*, ¶ 9; *Defendant's Response*, pp. 4-5. There is no indication that defendant ever produced the expert reports required by this Court's pretrial orders and by Fed. R. Civ. P. 26(a)(2)(B),(C). Notably, defendant does not provide the expert qualifications for any of these witnesses even in the *Final Pretrial Order*, *see Final Pretrial Order*, pp. 16-21, nor did he list them as experts in *Defendant Leon Hill's Disclosure of Expert Testimony*, Doc. No. 74, or in response to plaintiff's interrogatory requesting the identities of expert witnesses intended to be called at trial, *see Defendant's Response to Plaintiff's Supplemental Interrogatories*, p. 5, as he did for Drs. Clinchot and Taylor. Defendant has wholly failed to comply with the disclosure requirements relating to expert witnesses and, although even if plaintiff had the opportunity to depose these witnesses, he was never afforded the opportunity to inquire regarding their qualifications or opinions as experts.

12

Defendant has wholly failed to comply with Rule 26(a)(2) in connection with these claimed experts and his failure to do so was neither harmless nor substantially justified. *Cf. Roberts*, 325 F.3d at 783 (affirming the district court's decision to allow an expert to testify, despite the party's failure to disclose the expert's report, when the opposing party knew the expert's identity and the substance of his testimony). Defendant is therefore precluded from offering defendant Leon Hill, Captain Lee Stewart, Mohammed Yakabu, James Woods, Steven Justice, Carl Brown, Ralph Ard or Don Coble as expert witnesses at trial.

Plaintiff also seeks to exclude defendant's use of documents that were not produced during the discovery completion period. Plaintiff expressly requested the production of all documents that defendant intended to use in any proceeding in this case. *Plaintiff's Motion in Limine*, p. 3; *Defendant Leon Hill's Supplemental Response to Plaintiff Lawrence E. Wilson's Supplemental Set of Interrogatories and Document Requests*, at p. 5. Defendant does not dispute that the following exhibits listed by him in the *Final Pretrial Order* were not produced during the discovery period: segregation sheets (bates labeled 000806-000809), telephone log (bates labeled 000810-000831), transcript of the January 8, 2008 Rules Infraction Board hearing (Doc. No. 158-1), photographs and diagrams of the institutional area in question, and documents verifying bunk assignments on January 3, 2008. *Compare Plaintiff's Motion in Limine*, pp. 7-9; *Corwin Declaration*, ¶¶ 10-13; *and Plaintiff's Supplement to his Motion in Limine*, p. 1, *with Defendant's Response*, pp. 5-8. Defendant also does not argue that his

13

failure to produce those documents in a timely fashion was either harmless or substantially justified. Defendant is therefore prohibited from using these documents as exhibits at trial. See Fed. R. Civ. P. 37(c)(1).

Plaintiff also seeks to preclude the use of the transcript of plaintiff's deposition taken in this case, the transcript of plaintiff's criminal trial, and a deposition transcript, complaint, and ruling on a motion for summary judgment in an unrelated case involving plaintiff. *Plaintiff's Motion in Limine*, pp. 8, 10. Defendant seems to argue that these documents will not, as he previously represented, *see Final Pretrial Order*, pp. 8-9, be offered as exhibits at trial except for impeachment purposes. *See Defendant's Response*, pp. 6-8. Because it is presently unclear how defendant intends to use these documents at trial, the Court will not preclude their use for impeachment purposes at this time.

Finally, plaintiff seeks to exclude "documents of felony convictions/sentences for [p]laintiff Wilson as well as [p]laintiff's witnesses – Taylor, Day and Wilson." *Plaintiff's Motion in Limine*, pp. 11-12. As noted *supra*, Rule 609 of the Federal Rules of Evidence addresses the use of a prior criminal conviction to impeach a witness at trial. As the rule relates to this branch of plaintiff's motion, Rule 609 provides in pertinent part:

> (a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>
> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:

14

>    (A) must be admitted, subject to Rule 403, in a civil
>    case . . . .

Rule 403 of the Federal Rules of Evidence provides that a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

As to plaintiff's prior conviction, this Court has already determined that "Defendant will . . . be permitted to introduce into evidence the fact that plaintiff was convicted of rape. . . . The Court will . . . not permit defendant to introduce into evidence the details of the facts underlying plaintiff's rape conviction." *Opinion and Order*, Doc. No. 185, p. 4.

As to witnesses Thorton Taylor, Doug Day and Danny Wilson, plaintiff has provided no evidence of their criminal convictions or of the sentences imposed in connection with those convictions. *See Plaintiff's Motion in Limine*, pp. 11-12.  It would be improvident, in this Court's opinion, to weigh the factors contemplated by Rule 403 without such information.  Plaintiff's request to exclude evidence of the prior felony convictions of Thorton Taylor, Doug Day and Danny Wilson's is therefore **DENIED** without prejudice to renewal in the context of the trial.

**WHEREUPON**, *Defendant's Motion in Limine*, Doc. No. 179, is **GRANTED** in part and **DENIED** in part. Plaintiff is **PRECLUDED** from using evidence of Dr. Taylor's 1978 felony criminal convictions to impeach him at trial. In all other respects, *Defendant's Motion in Limine* is **DENIED**.

*Plaintiff's Motion in Limine*, Doc. No. 199, is **GRANTED** in part and **DENIED** in part.  Defendant is **PROHIBITED** from offering the testimony of Timothy Destafano, Carl Brown, James Woods, Steven Justice and Don Coble at trial.  Defendant is also **PROHIBITED** from offering defendant Leon Hill, Captain Lee Stewart, Mohammed Yakabu, James Woods, Steven Justice, Carl Brown, Ralph Ard, and Don Coble as expert witnesses at trial.  Defendant is **PROHIBITED** from offering the following documents as exhibits at trial: segregation sheets (bates labeled 000806-000809), telephone log (bates labeled 000810-000831), transcript of the January 8, 2008 Rules Infraction Board hearing (Doc. No. 158-1), photographs and diagrams of the institutional area in question, and documents verifying bunk assignments on January 3, 2008.  To the extent that plaintiff seeks to preclude defendant's use of plaintiff's deposition transcript, the transcript of plaintiff's criminal trial, the deposition transcript, complaint and ruling on a motion for summary judgment in an unrelated case involving plaintiff, and evidence of the felony convictions and sentences of plaintiff's witnesses Taylor, Day and Wilson, *Plaintiff's Motion in Limine* is **DENIED** without prejudice to renewal in the actual context of the trial.


January 18, 2013                              *s/Norah McCann King*
                                           Norah M$^c$Cann King
                                        United States Magistrate Judge